UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH A. SHERIDAN,<br><br>Plaintiff,<br><br>v.<br><br>CARL R. MARIUZ, PATRICIA T. MARIUZ (A/K/A PATRICIA SHERIDAN), MARIUZ PROPERTY MANAGEMENT, RTBK OF THE HUDSON, and DEFENDANTS UNKNOWN,<br><br>Defendants. | 07 Civ. 3313 (SCR)(LMS)<br><br>MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION |

**STEPHEN C. ROBINSON, United States District Judge:**

In this lawsuit, *pro se* plaintiff Joseph Sheridan alleges a myriad of state law claims against his former wife, Patricia Mariuz, and Ms. Mariuz's former husband, Carl R. Mariuz. Sheridan also alleges that the defendants engaged in acts of conspiracy, mail fraud, wire fraud, and obstruction of justice under the civil provision of the Racketeering Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961 *et seq*. The defendants, also proceeding *pro se*, moved to dismiss the Complaint on May 14, 2007.[1] This case was referred to Magistrate Judge Smith to issue a Report and Recommendation on the motion to dismiss.

Magistrate Judge Smith issued the Report and Recommendation on April 4, 2008 (Docket Entry 16), advising this Court to dismiss with prejudice the RICO claim under Rule 12(b)(6). Judge Smith also recommended that this Court dismiss the remaining state law claims for lack of subject matter jurisdiction. As Judge Smith explicitly noted

---

[1] The underlying motion, filed by Carl R. Mariuz, was joined in all respects by Patricia Mariuz on January 29, 2008 (*see* Docket Entry 15).

−1−

–2–

at the end of the Report and Recommendation, under 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(d) of the Federal Rules of Civil Procedure, the parties had a right to file written objections to the Report and Recommendation within thirteen working days from April 4, 2008. Sheridan filed purported objections to the Report and Recommendation on April 23, 2008.

I.    **STANDARD OF REVIEW**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1). To accept a Report and Recommendation to which no timely, actionable objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). When specific objections are made, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "Objections to a Report and Recommendation 'are to be specific and are to address only those portions of the proposed findings to which the party objects.'" *Id.* (citing *Camardo v. General Motors Hourly-Rate Employees Pension Plan,* 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992)). However, when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear

error. *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (collecting cases).

## II. DISCUSSION

### a. Objections to the Second Report and Recommendation

The nature of Sheridan's one-page, purported objections does not warrant *de novo* review by this Court of Judge Smith's Report and Recommendation. The two purported objections that relate to the substance of Judge Smith's Report and Recommendation are either merely conclusory (*see* Objection IV: "Subject matter jurisdiction has initiative [sic] by His Honor.") or unclear (*see* Objection VIII: "Her Honor, Magistrate Smith erred in stating that plaintiff received a lesser 'marital settlement award' when in fact, Defendant Carl R. Mariuz['s] motive was to give him[self] a better award with [e]x-wife at my expense. (See Complaint)").[2] What Sheridan fails to do, however, is object to any legal rule, analysis, or characterization of material facts in the Report and Recommendation. Consequently, this Court reviews the Report and Recommendation for clear error only.

### b. Conclusion

This Court has reviewed the remainder of Magistrate Judge Smith's thorough and persuasive Report and Recommendation and has determined that there is no clear legal error on the face of the record. Accordingly, the Court adopts the Report and Recommendation in its entirety and orders that Sheridan's civil RICO claim is dismissed, with prejudice, for failure to state a claim for relief. It is further ordered that the Court lacks subject matter jurisdiction over the remaining state claims; the Court declines to

---

[2] Despite this statement, Sheridan's second objection is entirely consistent with Judge Smith's analysis in the Report and Recommendation regarding Sheridan's purported injury caused by the RICO activity.

exercise supplemental jurisdiction over the state claims, and therefore, the Complaint is dismissed in its entirety. The Clerk of the Court is directed to close this case, terming docket entry 3.

*It is so ordered.*

Dated: White Plains, New York
\_\_\_April 6\_\_\_, 2009

_____
Stephen C. Robinson, U.S.D.J.